UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal No. 3:15cr2 (JBA) |
| CHERRY HILL CONSTRUCTION, INC. | August 10, 2015 |

**RULING ON DEFENDANT'S SENTENCING PROPOSAL**

At the sentencing hearing on April 7, 2015, counsel for Defendant Cherry Hill Construction requested that the Court consider that in lieu of a fine being imposed on Defendant corporation that it be permitted to perform community service.[1] Defendant has submitted additional information on its proposal and the Court held a telephonic conference with counsel on the record on July 1, 2015 to clarify details. For the reasons that follow, the Court concludes that Defendant's proposed community service in lieu of a fine is not permissible.

**I.      Background**

Defendant has submitted to the Court a letter from the executive director of a non-profit organization dedicated to constructing affordable housing ("the

---

[1] On January 13, 2015, Cherry Hill waived indictment and pled guilty to an information charging it with filing a false tax return, 26 U.S.C. § 7206, and making a false statement in relation to a document required by ERISA, 18 U.S.C. § 1027. The Presentence Investigation Report calculates Defendant's fine range as $1,200,000 to $2,400,000 pursuant to U.S.S.G. § 8C2.6 and it faces one to five years of probation. (PSR ¶ [Doc. # 10] ¶¶ 29, 34.) In the plea agreement, the parties calculated the fine range to be $500,000 to $1,000,000. (Plea Agmt. [Doc. # 5] at 4.) At the April 7, 2015 sentencing hearing, the parties agreed the fine range calculated in the PSR was greater than necessary to achieve the purposes of sentencing.

Organization"), dated May 5, 2015, which memorializes an arrangement under which Defendant would construct two new single-family homes for the Organization. According to the letter, Defendant proposes to provide the "labor, materials, and professional services needed to construct these home[s]" and will reimburse the Organization for labor and materials that Defendant does not provide and "the value of the donation" will be at least $155,000 but not more than $200,000.

## II.   Discussion

A threshold question is whether Defendant's proposal amounts to community service, a charitable donation, or some combination of both. It is unclear from the letter if in referring to the total "value of the donation," the Organization and Defendant have agreed that the value of Defendant's labor and other in-kind contributions will be valued and included in the $200,000 cap or if the cap only refers to Defendant's out-of-pocket cash expenditures.[2] If the former, Defendant is not really performing community service for the Organization but rather making a charitable donation of up to $200,000 that will be paid partially in-kind with labor and other corporate resources.

Indeed, the Sentencing Guidelines cast doubt on whether a corporation can truly perform community service, explaining that because an "organization can perform community service only by employing its resources or paying its employees or others to

---

[2] The letter notes that the Organization will provide "a list of eligible in-kind donations and a schedule of values of each (as determined from estimates and expenses associated with previously constructed [Organization] homes in New Haven)," which suggests that this list is being provided because Defendant's labor is an "in-kind" contribution that will be included in the $200,000 cap. During the telephonic conference of July 1, 2015, defense counsel stated that he was uncertain if Defendant's labor costs were included in this cap, but he believed that they were.

do so," a sentence of community service amounts to an "indirect monetary sanction." U.S.S.G. § 8B1.3 (comment.). Therefore, a Policy Statement in the Guidelines provides that "[c]ommunity service may be ordered as a condition of probation" for a corporate defendant only "where such community service is reasonably designed to repair the harm caused by the offense," U.S.S.G. § 8B1.3, and should "provide[] a means for preventive or corrective action directly related to the offense," *id.* (comment.).

While there is statutory authorization for a sentencing court to require as a condition of probation that a defendant "work in community service as directed by the court," 18 U.S.C. § 3563(b)(12), as noted above, in light of the details of Defendant's proposal and its status as a corporate entity, its proposal essentially amounts to an indirect monetary sanction for the benefit of a private organization in lieu of the statutorily authorized fine that would be paid to the United States Treasury.

Federal appeals courts have universally held that it is impermissible for a sentencing court to direct a defendant to make a charitable contribution in lieu of a fine, reasoning that to do so would essentially allow a judge to divert money that would have been paid to the Treasury to a private organization without statutory authorization. *See, e.g., United States v. Haile*, 795 F.2d 489, 492 (5th Cir. 1986) ("It might also be true that judicially approved charitable organizations can spend money, and thereby benefit the community, more intelligently than can the U.S. government. Without a statutory footing, however, the courts are not free to make these policy judgments."); *see also United States v. CITGO Petroleum Corp.*, No. CRIM.A. C-06-563, 2012 WL 4127800, at *2–3 (S.D. Tex. Sept. 18, 2012) ("The Fifth Circuit's *Haile* decision also explicitly held that a district court may not condition probation on the payment of money to charity . . . .

3

Every circuit court to consider the issue has reached the [s]ame conclusion.") (collecting cases)); *Fiore v. United States*, 696 F.2d 205, 209 (2d Cir. 1982) (noting that the provisions of the since-amended Probation Act authorizing the imposition of a fine and restitution do not "allow the sentencing court to impose fees and charges at will on the defendant. The defendant plainly may not be required to support persons—corporate or natural—of the court's choosing, but only those for whom he is already responsible. Similarly, the defendant may not be required to pay reparations to persons not aggrieved by his crimes, or simply to the community at large.").[3]

Even if Defendant's proposal were truly "community service," there are several additional problems with Defendant's proposal here. First, constructing homes for the Organization bears no relationship to the harm caused by Defendant's offense. *Cf.* U.S.S.G. § 8B1.3; *Danilow Pastry Co.*, 563 F. Supp. at 1169 n.20 ("Here the lawless conduct of the defendants raised the price of a food product and consequently restricted its availability. The community service order of this court serves to make that food

---

[3] One of the rare cases in which a court has sentenced a corporate defendant to "community service" is *United States v. Danilow Pastry Co.*, 563 F. Supp. 1159, 1169 (S.D.N.Y. 1983) where the court sentenced six wholesale bakeries who pled *nolo contendere* to violating the Sherman Antitrust Act to monetary fines but provided that a portion of the fines would be suspended and the defendants were placed on probation on the condition that each donate a certain amount of fresh baked goods to charitable organizations chosen by the court. The court reasoned that its sentence would achieve "deterrent effect beyond that which would have been provided by fines" and contribute to rehabilitation and specific deterrence "because the executives and workers of these companies will be made aware, on a continuous basis throughout the next twelve months, of the violations perpetrated by their company, of the need for restitution, and of the need to guard against similar violations in the future." *Id.* at 1167.

4

product more available to those who are most in need" and is "related to repairing the injury caused by the violation.").

Second, as the Government notes, the proposed "community service" could benefit Cherry Hill by allowing it to receive positive publicity from having its trucks and equipment seen by the public at the Organization's job site (Gov't Sent. Mem. [Doc. # 17] at 3), although steps likely could be taken to reduce this possibility. The Government further contends that the proposal is improper, because in limiting its exposure to $200,000, Defendant has "usurp[ed] the Court's role in determining an appropriate sentence." (*Id.*) Any such effort, however, would be futile because the Court retains its discretion in deciding whether and how much of a fine to impose.[4]

In sum, while it is difficult to conceptualize a corporation performing community service, were the Court to impose such a sentence, Defendant's service would have to be related to its offense conduct, which it is not in its current proposal, and be combined with a fine so as to not to allow it to escape punishment. Additionally, if the responsible employees were ordered to participate in the community service, a term not included in

---

[4] During the telephonic conference, Defendant acknowledged these obstacles to its proposal and cited no authority that would authorize the Court to sentence it to perform community service or make a monetary contribution to the Organization in lieu of a fine. It instead suggested that if it proceeded with its agreement with the Organization, it would ask the Court to take account of Defendant's charitable works as evidence of pre-sentencing rehabilitation. *See, e.g., United States v. Bryson*, 163 F.3d 742, 747 (2d Cir. 1998) ("[A] sentencing judge may exercise discretion and depart from the applicable guideline range in light of a defendant's efforts toward rehabilitation, provided those efforts are extraordinary."). All parties agreed that such an effort, if undertaken by Defendant, would be voluntary, not subject to prior approval by the Court, and the Court would have discretion to consider what significance, if any, to attribute such efforts in formulating a sentence. *See* 18 U.S.C. § 3553(a).

Defendant's proposal, it could have some deterrent and rehabilitative impact. *See United States v. John Scher Presents, Inc.*, 746 F.2d 959, 962–63 (3d Cir. 1984); *Danilow Pastry Co.*, 563 F. Supp. at 1167. Because Defendant's proposal does not address or comply with these requirements, the Court will not impose a sentence of community service in lieu of a fine. As set forth during the telephonic conference of July 1, 2015, the sentencing hearing will proceed on November 16, 2015, at 10:00 a.m. at which time the Court will consider all sentencing factors under 28 U.S.C. § 3553(a).

IT IS SO ORDERED.

    /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of August, 2015.